[Civ. No. 6043. Third Appellate District.—March 9, 1939.]

SUSIE F. SPENCER, Appellant, v. ANTON F. CHEROSKE et al., Respondents.

Manuel Ruiz, Jr., for Appellant.

Keogh, Cate & Colver and Alfred E. Cate for Respondents.

THE COURT.—Appellant, as plaintiff, brought an action to quiet title to certain lots situated within the corporate limits of Long Beach, California. Defendants answered denying the claim of appellant, and claimed title thereto in themselves. After a trial upon these issues, findings of fact and conclusions of law were filed, and judgment entered in accordance therewith in favor of defendants.

Plaintiff attempted to file upon certain lands including the property of defendants, by virtue of a military land bounty warrant issued to John Spencer, a teamster in the United States Quartermaster's Department for service in the Florida war, an Indian outbreak. Plaintiff claims such right as an heir of and a successor to the interest of John Spencer, now deceased.

This particular warrant was issued by the Department of Interior, Commissioner of Pensions, on the 12th day of December, 1860, under an Act of Congress of March 3, 1855, entitled: "An Act in addition to certain acts granting bounty lands to certain officers and soldiers who have been engaged in the military service of the United States."

The particular warrant before us further recites:

"John Spencer . . . is entitled to locate one hundred and sixty acres at any Land Office of the United States, in one body, and in conformity to the legal subdivisions of the public lands, upon any of the public lands subject to sale at either the minimum or lower graduated prices."

The act under which the warrant was issued (U. S. Stats. at Large, vol. X, p. 701, 33 Congress Sess. II, ch. ccvii, March 3, 1855) provides in effect that each of the surviving commissioned and non-commissioned officers, musicians and privates who were regularly mustered into the service of the United States in any of the wars in which the country had been engaged since seventeen hundred and ninety, shall be entitled to receive a certificate or warrant from the Department of Interior for one hundred and sixty acres of land.

The act then contained a proviso making its provisions applicable to wagon masters and teamsters, and also providing in case of death of a person who, if living, would be entitled to such certificate or warrant, that his surviving widow or children would be entitled to such warrant, and further providing for the assignment thereof.

"Sec. 5. And it is further enacted, that no warrant issued under the provisions of the Act shall be located in any public lands, except such as shall at the time be subject to sale at either the minimum or lower graduated prices."

Section 2437 of the Revised Statutes of the United States provides that it is the duty of the Commissioner of the General Land Office, under such regulations as may be prescribed by the Secretary of the Interior, to locate the warrant in such land district as the holder of the warrant may designate, and upon good farming land, open for entry.

An examination of the law and the facts fully sustain the judgment of the trial court. Plaintiff failed to produce evidence to support her contentions. She failed to show that an actual entry or filing was ever made by her upon this warrant in the General Land Office, or in the local land office for the Southern District of California, wherein the land in question was situated. It is true the warrant was delivered to the General Land Office in Washington, but the same was returned without registration. It also appeared that no such subdivision as section I of township 5 S. range 13 W. San Bernardino Base and Meridian was found or any such official survey made by the United States government, nor does it appear that the land sought to be entered or filed upon was, at the date of the application, nor ever was, public land of the United States, open for sale or entry, or that the same had ever been classified for sale at the mini-

mum or lower graduated prices, or at any price, or that the same was farm land, or that appellant had obtained the approval of the General Land Office for the location or had returned the land bounty certificate as provided by law.

These omissions are alone sufficient to justify the judgment of the trial court. ▮ Furthermore defendants established that the land was highly improved city property for which respondents claim title through an unbroken chain of title arising out of a confirmed Mexican land grant, upon which the United States government issued a patent to respondent's predecessors.

Regardless of any weakness in the title of defendants, although we can see none, plaintiff must rely upon the strength of her title and not upon the weakness of defendants', so we need not consider further the title of defendants. We find respondents in possession under a patent from the United States, which cannot be collaterally attacked.

Should the judgment of the trial court require the citation of authority for support, we find in *Putnam* v. *Ickes*, 78 Fed. (2d) 223 [64 App. D. C. 339]; Id., 296 U. S. 612, 56 Sup. Ct. 132, 80 L. Ed. 434], and in *Hogan* v. *United States et al.*, 72 Fed. (2d) 799, an answer to many of the contentions of the plaintiff here urged.

The judgment is affirmed.